FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:34 am, Oct 08, 2020

# United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MARKEY PITTMAN, <br><br>    Defendant. | CR 517-005-5 |

### ORDER

Before the Court is Defendant Markey Pittman's "Petition for Correction of Jail Time Credit and Recalculation of Jail Credit." Dkt. No. 785. Pittman alleges that he should be given credit to his federal prison term for time spent in custody from September 6, 2017 to February 8, 2019.

The Court finds that Pittman's motion to the Court is premature. "The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333, (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir.

2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345).

Here, Pittman's filing does not show that he has exhausted his administrative remedies by requesting credit from the Bureau of Prisons. Moreover, Pittman's filing does not provide many of the factual details the Court would need to fully address his claim, and the BOP is in a much better position to determine whether Pittman is entitled to any credit for custodial time served. Accordingly, Pittman's motion is **DISMISSED** in order to give him an opportunity to exhaust his administrative remedies.

**SO ORDERED**, this __7__ day of October, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2